UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAYMOND FINN,

            Plaintiff,

v.

LVGV, LLC dba THE M RESORT SPA
AND CASINO, a Domestic Limited-Liability
Company; PENN ENTERTAINMENT, INC.,
Foreign Corporation; MICHAEL
WILLIAMS, a Nevada resident, Does 1
through 10, and Roe Corporations 1 through
20, inclusive,

            Defendants.

Case No. 2:24-cv-00373-RFB-EJY

**ORDER**

## I.    **Background**

Pending before the Court is Penn Entertainment, Inc. ("Penn") and Michael Williams' Motion to Stay Discovery. ECF No. 32. The Court considered the Motion, the Opposition (ECF No. 36), and the Reply (ECF No. 37). The Court also reviewed the pending dispositive motions on which Penn and Mr. Williams' rely to argue for the stay.

## II.    **Discussion**

As recently explained in *Flynn v. Nevada*, 345 F.R.D. 338, 343-44 (D. Nev. 2024):

In 1989, Chief United States District Judge Edward C. Reed, Jr. articulated several guiding principles for analyzing a motion to stay discovery. *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989). "A pending [m]otion to [d]ismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Id.* at 653. "To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: 'A district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief.'" *Id.* (quoting *Wood*, 644 F.2d at 801) (emphasis added by Judge Reed). "Finally, while Fed. R. Civ. P. 26(c) protects against oppression or undue burden and expense, a showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order." *Id.* Rather than bald assertions of undue burden or expense, "[s]ome extraordinary justification must be shown to satisfy the good cause requirement of Fed. R. Civ. P. 26(c)." *Id.* "In addition, the burden is on the party seeking relief to show some plainly adequate reason for the order." *Id.*

As a practical matter "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).  When deciding whether to issue a stay, the Court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011).  In doing so, the Court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.[1]  Motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).

Here, as to Michael Williams, the Court took a preliminary peek at the Motion for Summary Judgment and finds there is substantial certainty that the entire case against this individual defendant will be dismissed as the evidence shows he did not work at the Defendant M Resort after 2017.  ECF No. 27 at 2.  Therefore, the Motion to Stay Discovery, as it relates to claims between Plaintiff and Michael Williams, is granted.

Penn's Motion to Dismiss argues a lack of personal jurisdiction pointing out that LVGV, LLC dba The M Resort Spa and Casino (which is not moving to stay discovery) is a Penn subsidiary, which Penn says is insufficient to establish jurisdiction.  Penn states "a subsidiary's contacts [with a forum state] may be imputed to the parent where the subsidiary is the parent's alter ego[] or where the subsidiary acts as the general agent of the parent."  ECF No. 9 *citing Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003).

Plaintiff counters Penn's argument contending appointment of a registered agent is all that is needed to confer general jurisdiction over a business entity.  ECF No. 11 at 3.  Plaintiff states: "In Nevada, business entities must 'appoint and keep in this State a registered agent who resides or is located in this State, upon whom all legal process' may be served.  NRS 14.020(1).  This language

---

[1]    The Court notes that Penn materially miscites case law in its Reply.  *See* ECF No. 37 at 2 n.3 erroneously attributing an Order issued by Judge Couvillier as issued by Judge Baldwin.  *Aristocrat Techs. Inc. v. Light & Wonder, Inc.*, Case No. 2:24-00382-GMN-MDC, 2024 WL 2302151 (D. Nev. May 21, 2024).

is sufficient to confer general jurisdiction by consent.  *Pa. Fire Ins. Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93, 96 (1917); *see also Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 486 U.S. 888, 892 & n.2 (1988)."  However, the Court's review of footnote 2 in *Bendix* shows that this is solely a recitation of an Ohio statute (obviously inapplicable in Nevada) that expressly addresses personal jurisdiction.  The footnote quotes the Ohio statute as stating: "When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him."  *Bendix*, 486 U.S. at 892, n.2.  Nevada's statute on which Plaintiff relies does not discuss jurisdiction, only service of process.  NRS 14.020(1).  Further, the Court finds substantial case law contrary to Plaintiff's contention that appointment of an agent for service of process is all that is needed to establish general jurisdiction over a business entity.  *Harter v. Ascension Health*, Case No. CV-15-00343-TUC-RM; 2018 WL 496911, at *3 (D. Ariz. Jan. 22, 2018) (the fact that a company is registered to transact business, files annual reports with the state's corporation commission, and has an appointed agent for service of process is not determinative on the issue of general jurisdiction); *T-Mobile USA, Inc. v. Auto-Owners Insurance Company*, Case No. C20-0567-JCC, 2020 WL 4788021, at *2 n.1 (W.D. Wash. Aug. 18, 2020) ("Plaintiff ... suggest[s] that general jurisdiction could be proper 'by virtue of [Defendant's] registration with [the Washington State Office of the Insurance Commissioner] and its designation of the Washington Insurance Commissioner as its agent for purposes of accepting service.' ...  But general jurisdiction is properly exercised when a defendant corporation maintains contacts with the forum state that are 'so continuous and systematic as to render the foreign corporation essentially at home in the forum State.'  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 758 n.11 (2014)"); *First National Bank of Souix Falls v. Estate of Carlson*, 448 F.Supp. 3d 1091, 1105 (D. Mont. 2020) ("In Montana, a foreign corporation registering to do business does not amount to consent of personal jurisdiction. ... This includes the appointment of a registered agent.  Mont. Code Ann. § 35-7-115.") (internal citation omitted).  The law in Nevada is not so clear as to allow this Court to conclude general jurisdiction is conferred by virtue of appointment of a registered agent.  *See Cenegenics LLC v. Gaines*, Case No. 2:19-CV-1797 JCM (VCF), 2020 WL 3128574, at *3 (D. Nev. June 12, 2020).

1    As to specific personal jurisdiction, Plaintiff points to facts that establish questions regarding

2    whether Penn has operated in Nevada sufficiently to warrant an exercise of personal jurisdiction.

3    Plaintiff cites to the declaration in support of Penn's Motion to Dismiss arguing the declarant is not

4    qualified to offer the information she does and, in any event, "concedes that some of Penn['s]

5    '[e]ntertainment employees' are 'working in Nevada.'"  ECF No. 11 at 2.  Plaintiff also cites to the

6    declarant's LinkedIn page in which she—the declarant—states she works in Las Vegas, Nevada.  *Id*.

7    at n.1.

8    Plaintiff's arguments are sufficient to establish issues of fact that this Court finds undermines

9    the notion that Penn's Motion to Dismiss will be granted.  The Court further finds jurisdictional

10   discovery is properly conducted.

11   **III.    Order**

12   Accordingly, IT IS HEREBY ORDERED that Penn Entertainment, Inc. and Michael

13   Williams' Motion to Stay Discovery (ECF No. 32) is GRANTED in part and DENIED in part.

14   IT IS FURTHER ORDERED that discovery is opened for a 60 day period, measured from

15   the date of this Order, in which Plaintiff may conduct discovery related solely to whether personal

16   jurisdiction is properly exercised over Penn Entertainment by the U.S. District Court for the District

17   of Nevada.  This discovery may include no more than 10 interrogatories, 10 document requests, and

18   one deposition of the person most knowledgeable regarding the facts that would impact jurisdiction.

19   IT IS FURTHER ORDERED that all discovery relating to the underlying facts of this dispute

20   is stayed pending the Court's ruling on the Motion to Dismiss and Motion for Summary Judgment

21   (ECF Nos. 11, 27 respectively).

22   IT IS FURTHER ORDERED that within **fourteen (14) days** of the date on an Order

23   resolving each of these motions is issued, the parties **must** file a status report regarding what if any

24   claims remain pending, whether fact discovery should commence, and, if fact discovery should

25   commence, the scope of the discovery and all applicable deadlines.

26   Dated this 30th day of September, 2024.

27

28   ELAYNA J. YOUCHAH
     UNITED STATES MAGISTRATE JUDGE